UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK LYNN WADE,<br><br>            Plaintiff,<br><br>    v.<br><br>B. CATES, et al.,<br><br>            Defendants. | No. 1:22-cv-00123 KES GSA (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S MOTION TO RECONSIDER SCREENING DENIAL PROCEDURES AS MOTION FOR LEAVE TO AMEND<br><br>(ECF No. 22)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>ORDER CONSTRUING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO RECONSIDERATION MOTION AS A MOTION FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 23)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN 30 DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

1

1   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States
2   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
3       Before this Court is Plaintiff's "motion to reconsider screening denial procedures on
4   factual evidence alleged in first complaint filed."  ECF No. 22.  In addition, the Court also
5   considers herein Plaintiff's "request for extension of time to respond to reconsideration motion to
6   amend his complaint."  ECF No. 23.
7       For the reasons stated below, the Court will construe Plaintiff's "motion to reconsider
8   screening" as a motion for leave to amend the complaint, and consistent with the Court's
9   screening order issued June 13, 2025, Plaintiff's motion will be granted.  As a result, he will be
10  given an additional thirty days to file an amended complaint.  However, Plaintiff's "request for
11  extension of time to respond to reconsideration motion to amend," which will be construed as a
12  request for an extension of time to file a motion for reconsideration, will be denied.

13  I.    RELEVANT FACTS

14      On June 13, 2025, Plaintiff's complaint was screened.  ECF No. 21.  The screening order
15  found that the complaint only stated claims against Defendants Nege and Montegrande for Eighth
16  Amendment deliberate indifference.  Id. at 21.  As a result, Plaintiff was given the options of
17  moving forward with the complaint as screened; of filing an amended complaint; of filing a notice
18  of his intent to stand on the complaint, or of voluntarily dismissing this matter in its entirety.  Id.
19  at 21-22.  Plaintiff was given thirty days to take one of these four courses of action.  Id. at 21.
20      Instead of taking one of these courses of action, on July 17, 2025, Plaintiff filed the instant
21  "motion to reconsider screening."  See ECF No. 22.  In it, Plaintiff identifies various Defendants
22  named in the original complaint, and he appears to attempt to state why the claims alleged against
23  them are viable.  See ECF No. 22 at 3-7.
24      On the same day, Plaintiff's "request for extension of time to respond to reconsideration
25  motion to amend" was docketed.  See ECF No. 23.  In it, Plaintiff appears be requesting an
26  extension of time to file an amended complaint.Id. at 1.

27  II.   DISCUSSION
28      A.  "Motion to Reconsider Screening"

2

Given that the content of Plaintiff's "motion to reconsider screening" attempts to state why the claims alleged against certain Defendants are viable (see ECF No. 22 at 3-7), the Court construes the filing as a motion for leave to amend, and it will direct the Clerk of Court to identify it as such on the docket. The motion will be granted. Plaintiff will be given thirty days leave to file an amended complaint. However, so that any amended complaint that Plaintiff chooses to file avoids being confusing, Plaintiff will be <u>ordered</u> to file his amended complaint <u>on</u> <u>the</u> <u>Court's</u> <u>form</u> and to make certain that the <u>amended</u> <u>complaint</u> <u>complies</u> <u>with</u> <u>Federal</u> <u>Rules</u> <u>of</u> <u>Civil</u> <u>Procedure</u> <u>8(a)(2)</u> (short and plain statement of each claim requirement), <u>and</u> <u>(d)(1)</u> (simple, concise, and direct pleading requirement).

      B. <u>"Request for Extension of Time to Respond to Reconsideration Motion to Amend"</u>

The Court will construe Plaintiff's "request for extension of time to respond to reconsideration motion to amend" as a motion for an extension of time to file an amended complaint, and will be granted. the Clerk of Court will be directed to describe it as such on the Court's docket.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall:

   a. SEND Plaintiff a copy of the Court's Civil Rights Complaint By a Prisoner form, which Plaintiff must use if he elects to file an amended complaint;

   b. RENAME docket entry ECF No. 22 so that is described as: "Motion for Leave to Amend (Motion for Reconsideration),"

   c. RENAME docket entry ECF No. 23 so that it is described as: "Motion for Extension of Time to File an Amended Complaint";

2. Plaintiff's motion for leave to amend (ECF No. 22) is GRANTED;

3. Plaintiff's motion for an extension of time in which to file an amended complaint (ECF No. 23) is GRANTED;

4. Within thirty days from the date of this order, Plaintiff shall file an amended complaint;

5. Plaintiff's amended complaint shall:

3

      a. Be FILED on the Court's Civil Rights Complaint by a Prisoner form, and

      b. COMPLY with Federal Rules of Civil Procedure 8(a)(2) and (d)(1), and

**Plaintiff is warned that failure to comply with this order and with the Court's screening in their entirety within the time allotted may result in a recommendation that this matter be dismissed in its entirety.**

IT IS SO ORDERED.

Dated: **August 9, 2025**     **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE