**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODERICK LYNN WADE, | Case No. 1:22-cv-0123 KES SAB (PC) |
| Plaintiff, | AMENDED ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| B. GATES, et al., | |
| Defendants. | (Doc. 29) |

Roderick Lynn Wade proceeds pro se in this civil rights action, in which he alleges violations of his civil rights while incarcerated at California Correctional Institution- Tehachapi. Doc. 1.  The magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A(a) and found Wade stated a cognizable claim against defendants Dr. Nege and Dr. Montegrande for deliberate indifference under the Eighth Amendment.  Doc. 21.  After Wade elected to stand on his complaint, the magistrate judge recommended that the action proceed on the cognizable claims, and that all other claims and defendants be dismissed for failure to state a claim. Docs. 27, 29.

On February 12, 2026, Wade filed objections to the findings and recommendations. Doc. 37.  Wade asserts a right to discovery, including related to the claims not found cognizable and to the identity of the "Doe" defendants.  *See id.* at 1-7.  He does not address the specific findings of the magistrate judge related to the insufficiency of the factual allegations to state cognizable claims against the defendants other than Drs. Nege and Montegrande.  *Id.*

1

Even assuming the objections are timely, Wade fails to identify any allegations in his complaint that support a conclusion that he stated cognizable claims against Warden Cates; Dr. Gates, Chief Healthcare Correspondent and Appeals of California Correctional Healthcare Services; Dr. Baniga, surgeon and Chief Physician at CCI; and the "Doe" defendants.  To the extent that Wade objects to the denial of discovery, such objections are unavailing.  Wade is required to *first* plead a cognizable claim against a defendant before he is entitled to discovery.  "The discovery process will commence only after the Court finds the operative complaint states a cognizable claim or claims against the named Defendant, *and* after Defendant has been served with an operative complaint and filed a responsive pleading."  *Grable v. Pineda*, 2025 WL 2675619, at *1 (E.D. Cal. Sept. 18, 2025) (emphasis in original).  Because Wade fails to state a cognizable claim against the "Doe" defendants, he fails to show he is entitled to discovery related to their identification.  For the same reason, Wade is not entitled to discovery on the non-cognizable claims against defendants Cate, Gages, and Baniga.

Pursuant to 28 U.S.C. § 636(b)(1), the court conducted a de novo review of this case. After carefully reviewing the matter, including the plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on October 24, 2025 (Doc. 29), are **ADOPTED** in full.

2. This action **SHALL** proceed **only** on the claims for deliberate indifference against defendants Dr. Nege and Dr. Montegrande.

3. All other claims and defendants are **DISMISSED** from the action.

4. The matter is referred to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   February 16, 2026

_____
UNITED STATES DISTRICT JUDGE

2